IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE M. SCOTT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>S. GARCIA,<br><br>　　　　Respondent.<br>_____ | No. C 05-0868 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

A jury in Santa Clara County Superior Court found petitioner guilty of committing lewd conduct on a child, and various related charges. On April 18, 2002, petitioner was sentenced a term of 100 years to life in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. Petitioner next filed petitions for a writ of habeas corpus in the California Court of Appeal and the California Supreme Court, both of which were denied.

**DISCUSSION**

A.　Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall "award the writ or issue a order directing the respondent to show cause why the writ should not be granted, unless it

1 appears from the application that the applicant or person detained is not entitled thereto."  28
2 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are
3 vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.
4 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-
5 76 (1977)).

B. Legal Claims

Petitioner claims that: (1) the jury instruction permitting propensity evidence, and the admission of such evidence, violated his rights to due process and equal protection; (2) the trial court's disallowing testimony by a defense witness at sentencing violated petitioner's right to due process; (3) the trial court's denial of his request for transcripts and a continuance to allow newly retained counsel to prepare a new trial motion was an abuse of discretion; (4) the imposition of consecutive sentences violated his rights to due process, to notice of the potential penalty he faced, and to a jury; and (5) the prosecutor committed misconduct by presenting false evidence and withholding exculpatory evidence, in violation of petitioner's right to due process.

Petitioner's third claim does not state a cognizable basis for federal habeas relief because it does not allege the violation of any federal law.  A writ of habeas corpus is available under 28 U.S.C § 2254 "only on the basis of some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  In his third claim, petitioner states that the trial court committed an "abuse of discretion."  Petitioner does not identify any federal law that allegedly was violated, as is necessary to provide respondent with adequate notice of the claim being asserted.  See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (holding petitioner must state his claims with sufficient specificity).  Petitioner will be given leave to file an amended petition in which he alleges the federal law he is asserting was violated in connection with his third claim.  Failure to so amend will result in dismissal of the third claim without

prejudice. Petitioner is advised that any federal basis for such claim must be exhausted, by petitioner's having sufficiently presented the federal basis for the claim to the Supreme Court of California, before raising it in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Liberally construed, petitioner's other four claims are cognizable. Respondent will be ordered to respond to those three claims once petitioner has elected either to amend his third claim or to proceed without such claim.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1. The first, second, fourth and fifth claims in the petition are cognizable. The third claim is DISMISSED WITH LEAVE TO AMEND. If petitioner wishes to amend his claim, must file an amended petition within **thirty (30) days** of the date this order is filed in which he corrects the deficiencies noted above. The amended petition must include the caption and civ case number used in this order, No. C 05-0868 MMC (PR), and must include the words AMENDED PETITION on the first page. <u>In the amended petition, petitioner must include a the claims he wishes to present; in particular, petitioner must reassert in his amended petition the four cognizable claims from the instant petition.</u>

2. **If petitioner fails to timely amend the petition as ordered herein, the third claim will be dismissed with prejudice and this matter will proceed only on the basis of the other four claims in the petition.**

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failu to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Local Rule 3-11.

IT IS SO ORDERED.

DATED: May 25, 2005           /s/ Maxine M. Chesney
                              MAXINE M. CHESNEY
                              United States District Judge

3