IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE M. SCOTT, | ) No. C 05-0868 MMC (PR) |
| Petitioner, | ) **ORDER TO SHOW CAUSE** |
| v. | ) |
| S. GARCIA, Warden, | ) |
| Respondent. | ) |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a review of the petition, the Court found one of the five claims failed to state a cognizable basis for federal habeas relief. Petitioner was afforded leave to amend the petition; he has filed an amended petition containing additional claims.

### BACKGROUND

A jury in Santa Clara County Superior Court found petitioner guilty of lewd conduct upon a child, and various related charges. On April 18, 2002, petitioner was sentenced to a term of 100 years to life in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. Petitioner next filed petitions for a writ of habeas corpus in the California Court of Appeal and the California Supreme Court,

both of which were denied.

## DISCUSSION

A.  Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner claims that: (1) the admission into evidence of propensity evidence, and the jury instruction thereon, violated petitioner's rights to due process and equal protection; (2) the trial court's disallowing testimony by a defense witness at sentencing, denying petitioner's request for transcripts for purposes of preparing a new trial motion, and imposition of consecutive sentences violated petitioner's rights to due process, a jury trial, and notice of his charges; (3) the prosecutor committed misconduct by presenting false evidence and withholding exculpatory evidence, in violation of petitioner's right to due process; (4) petitioner received ineffective assistance of counsel because counsel failed to adequately investigate both the charges pertaining to one of the victims as well as petitioner's prior "strike" convictions; (5) the admission of testimony regarding the complaining witness's credibility, the exclusion of other testimony regarding this witness, and the use of CALJIC 17.41.1 violated petitioner's constitutional rights; (6) two of petitioner's prior convictions are unconstitutional; (7) petitioner's second attorney, whom he retained to prepare a new trial motion, provided ineffective assistance; and (8) the California Court of Appeal's failure to

2

consider a motion petitioner filed pro se in conjunction with his appeal violated his right to due process.

Petitioner's sixth claim, in which he challenges the constitutionality of two prior convictions used as "strikes" to enhance his sentence, is not cognizable. A petitioner challenging in habeas the validity of a prior conviction he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the "custody" requirement of § 2254, even if such petitioner is no longer in custody on the prior conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The Supreme Court has determined, however, that the prior conviction itself cannot be challenged by way of an attack upon the later sentence it was used to enhance. See id., at 403-04 (holding prior conviction cannot be challenged in § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (holding prior conviction cannot be challenged in § 2255 motion). With respect to state convictions in particular, the Supreme Court has stated:

> "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

Coss, 532 U.S. at 403-04 (citation omitted). The only exception to this rule is a claim that the prior conviction is unconstitutional because of a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382. Here, petitioner challenges one prior conviction on the ground that his guilty plea was not knowing and voluntary; he challenges his other prior conviction on the ground that his attorney was ineffective. In neither instance does petitioner claim he was not provided counsel; indeed, his brief makes clear he in fact had appointed counsel. Consequently, petitioner's sixth claim, even liberally construed, is not

3

cognizable herein.

Liberally construed, petitioner's other claims are cognizable.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The sixth claim in the amended petition is DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's

orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       7.      Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: November 3, 2005

_____
MAXINE M. CHESNEY
United States District Judge

**United States District Court**
For the Northern District of California