**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANE M. SCOTT, | ) | No. C 05-0868 MMC (PR) |
| Petitioner, | ) ) ) | **ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL** |
| v. | ) ) | |
| S. GARCIA, Warden, | ) ) | (Docket Nos. 9 & 13) |
| Respondent. | ) ) | |
| _____ | ) | |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the petition was dismissed with leave to amend, petitioner filed an amended petition containing eight claims. On November 3, 2005, the Court dismissed one of the claims for failing to state a cognizable claim for relief, and ordered respondent to show cause why the petition should not be granted based on the remaining seven cognizable claims. Respondent filed a motion to dismiss the petition on the ground that not all of the claims have been exhausted. Rather than file an opposition, petitioner has filed a motion for voluntary dismissal of the petition without prejudice, on the ground he "erroneously assumed that all state post conviction habeas corpus petition's [sic] had been exhausted."

The Court construes petitioner's August 1, 2005 filing as a request for voluntary dismissal of the instant action pursuant to Rule 41 of the Federal Rules of Civil Procedure,

whereby a party bringing an action has the absolute right to dismiss such action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." See Fed. R. Civ. P. 41(a)(1)(i).  Here, respondent has filed a motion to dismiss, but not an answer or a motion for summary judgment.  In any event, respondent and petitioner appear to be in agreement that not all of the claims have been exhausted and, consequently, that the petition should be dismissed.

Accordingly, petitioner's request for voluntary dismissal of the above-titled action is GRANTED and this action is hereby DISMISSED.  Because a dismissal solely for failure to exhaust is not a bar to petitioner's returning to federal court after exhausting available state remedies, see Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995), this dismissal is without prejudice to petitioner's filing a new habeas corpus action in federal court after all available state remedies have been exhausted with respect to all of the claims petitioner wishes to include in his petition.

This order terminates Docket Nos. 9 and 13.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: March 17, 2006

_____
MAXINE M. CHESNEY
United States District Judge